IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO JARA,

        Petitioner,         No. CIV S-05-0614 DFL GGH P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.[1]      ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition.  This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).  Petitioner should name the warden of the facility in which he is incarcerated as respondent in this action in any amended petition.

Petitioner inaptly states within his federal petition that he is challenging the February 16, 2005 state supreme court denial of his state court habeas petition.  A review of petitioner's filings in support of the instant petition appears to indicate, however, that petitioner is challenging an October 5, 2003 prison disciplinary hearing wherein petitioner was assessed a loss of time credits for failure to comport with prison grooming regulations.  The petition will be dismissed but petitioner will be granted leave to file an amended petition on a new form provided by the Court Clerk.

Petitioner must fill out the petition form accurately so as to indicate, e.g., the hearing decision, sentence or conviction he is actually challenging and that the February 16, 2005 state supreme court denial represents exhaustion of his state court remedies with respect to the grounds upon which he challenges the hearing decision, etc.  Petitioner should also name the warden of the facility in which he is incarcerated as respondent.  See footnote 1.  Petitioner need not file additional exhibits.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's application to proceed in forma pauperis is granted;

2.  The petition is dismissed with leave granted for petitioner to file, within 30 days, an amended petition on the form to be provided by this court; failure to file an amended petition will result in a recommendation of dismissal of this action;

3.  In any amended application, petitioner should name the proper respondent;

4.  The Clerk of the Court is directed to provide petitioner with a form appropriate for this district for a habeas petition pursuant to 28 U.S.C. § 2254; and

5.  Petitioner need not file additional exhibits.

DATED: 4/26/05                                          /s/ Gregory G. Hollows

                                                                 GREGORY G. HOLLOWS
                                                                 UNITED STATES MAGISTRATE JUDGE

GGH:009
jara0614.ord