IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO JARA,

    Petitioner,                  No. CIV S-05-00614 DFL GGH P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTION, et al.,

    Respondents.            FINDINGS & RECOMMENDATIONS

_____/

        Petitioner filed his amended writ of habeas corpus on May 2, 2005, challenging Respondent's regulations prohibiting long hair and punishment imposed as a result of Petitioner's violation of the rule. On July 27, 2006, Respondent changed its rules to permit inmates to wear their hair in any manner provided it does "not extend over the eyebrows, cover the inmate's face or pose a health and safety risk." Amended CAL. CODE REGS. tit.xv, § 3062(e).

        As a result of this change, Respondent withdrew the Rules Violation Reports (RVR) from Petitioner's record and restored all time lost as a result of Petitioner's violation of the previous grooming policy. (Resp't's Resp., filed September 14, 2006.)[1] In addition,

---

[1] Respondent filed this information with the court in response to an order filed August 15, 2006. That order sought information from Respondents regarding Petitioner's status as well as a response from Petitioner asking why restoration of good time credits and release on parole did not render this case moot. Petitioner failed to provide any response.

1

Respondent stated that Petitioner had been paroled on March 18, 2006.  Consequently, this matter must now be considered moot.

Article III of the Constitution vests the court with power to hear live cases and controversies.  A live controversy that existed at the start of litigation must continue throughout in order for the court to retain jurisdiction.  See United States Parole Comm'n. v. Geraghty, 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980).  Dismissal is required whenever an intervening event occurs which makes it impossible for a court to grant relief.  See Church of Scientology v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992); Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir. 1989).  The change in CDC's policy, restoration of Petitioner's lost credits, and his subsequent release on parole are just such an event.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(releasing inmate on parole mooted request for relief).

Accordingly,  IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

DATED: 12/18/06

/s/ Gregory G. Hollows

U.S. Magistrate Judge

ggh13/habeas
Jara.0614.moot.F&R.wpd